IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | CIV 10-084-FHS |
| ) | |
| 1)CHARLES O. DUCKETT, a.k.a. Charles ) | |
| Duckett, a.k.a. Charles Otis Duckett; ) | |
| 2)EVELYN D. DUCKETT, a.k.a. Evelyn Deloris ) | |
| Duckett, a.k.a. Evelyn Duckett, deceased, the ) | |
| unknown heirs, executors, devisees, trustees and ) | |
| assigns of Evelyn Deloris Duckett, deceased; ) | |
| 3)MARCUS DUCKETT; ) | |
| 4)KATIE DUCKETT; ) | |
| 5)CAPITAL ONE BANK; ) | |
| 6)FORD MOTOR CREDIT CORPORATION; ) | |
| 7)ERIN CAPITAL MANAGEMENT, LLC; ) | |
| 8)COLLINS FINANCIAL SERVICES, INC.; ) | |
| 9)NCO PORTFOLIO MANAGEMENT ) | |
| CAPITAL ONE; ) | |
| 10)STATE OF OKLAHOMA, ex rel ) | |
| Department of Human Services; ) | |
| Defendants. ) | |

## JOURNAL ENTRY OF JUDGMENT

This matter comes on to be heard this 7th day of July, 2010, upon the issues in plaintiff's complaint filed herein; the plaintiff, United States of America, appearing by Jeanette Windsor, Assistant United States Attorney for the Eastern District of Oklahoma; the defendants, Board of County Commissioners of McCurtain County, Oklahoma, the County Treasurer of McCurtain County, Oklahoma and the First State Bank of Idabel, Oklahoma, having filed their disclaimers herein and having been dismissed from this action, and none of the other defendants appearing either in person or by counsel, but being wholly in default; the Court carefully inspects and examines the files, records, and processes herein and finds that subsequent to the filing of plaintiff's complaint in

this action, that the defendant, Evelyn D. Duckett, a.k.a. Evelyn Deloris Duckett, a.k.a. Evelyn Duckett, deceased, the unknown heirs, executors, devisees, trustees and assigns of Evelyn Deloris Duckett, was served by publication, pursuant to an Order of this Court, and said Order was published in the  for six (6) consecutive weeks as verified by the Affidavit of Publication filed herein, all in compliance with statutes.

The Court conducted a judicial inquiry into the sufficiency of plaintiff's search to determine the names and whereabouts of the defendant who was served herein by publication, and based upon the evidence adduced the Court finds that plaintiff has exercised due diligence and has conducted a meaningful search of all reasonably available sources at hand. The Court approves the publication service given herein as meeting both statutory requirements and the minimum standard of state and federal due process; and that pursuant to the requirements of 28 U.S.C. §1655, more than 20 days has passed; the Court further finds that said defendant made default and by reason thereof, plaintiff's complaint should be and is hereby taken as confessed by said defendant; the Court further finds that plaintiff has fully complied with the Soldiers and Sailors Civil Relief Act of 1940 and the amendments thereto, and that upon motion and affidavit properly filed therefor, this Court has made and entered its Order directing that judgment by default be entered against the defendant not appearing or otherwise answering plaintiff's complaint, and such Order is filed herein.

The defendants, Charles Otis Duckett, Marcus Duckett, Katie Duckett, Capital One Bank, Ford Motor Credit Cooperation, Erin Capital Management LLC, Collins Financial Services, Inc., NCO Portfolio Management, and the State of Oklahoma, ex rel Department of Human Service, were served with summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure, more than twenty (20) days prior to this date; the Court further finds that said defendants have made

default and by reason thereof, plaintiff's complaint should be and is hereby taken as confessed by said defendants; the Court further finds that plaintiff has fully complied with the Soldiers and Sailors Civil Relief Act of 1940 and the amendments thereto, and that upon motion and affidavit properly filed therefor, this Court has made and entered its Order directing that judgment by default be entered against the defendants not appearing or otherwise answering plaintiff's complaint, and such Order is filed herein.

**NOW**, the Court proceeds instanter to consider plaintiff's complaint, and carefully examines the exhibits attached thereto, including the note, and real estate mortgage, and upon conclusion, after being fully advised in the premises both as to the facts and the law, finds and adjudges the plaintiff has fully sustained all of the allegations of its complaint; the Court further finds that the plaintiff is entitled to and is hereby given a judgment against the defendant, Charles Otis Duckett, as prayed for in plaintiff's complaint.

And the Court more specifically finds:

That Charles O. Duckett and Evelyn D. Duckett, on or about the following dates and in the indicated amounts, executed and delivered to plaintiff a total of three promissory notes as follows:

| Instrument | Date | Amount | Interest | Number of Installments |
|---|---|---|---|---|
| Note | 01-24-03 | $ 20,000.00 | 3.25% | 7 |
| Note | 01-24-03 | $165,000.00 | 5.50% | 40 |
| Note | 01-24-03 | $ 37,550.00 | 3.25% | 7 |

Further, that in order to secure the payment of said promissory notes, the makers thereof, made, executed and delivered to plaintiff, their certain real estate mortgage that was filed as follows:

3

| Instrument | Filed | Book | Page |
|---|---|---|---|
| Mortgage | 01-24-03 | 697 | 332 |

Said mortgage conveyed and mortgaged to plaintiff the following described real property situated in Johnston County, Oklahoma, to-wit:

**All that part of the S2 of the SE4 of the SW4 of Section 29, Township 8 South, Range 25 East of the Indian Base and Meridian, in McCurtain County, described as follows:**

**Begin at the NE corner of the S2 of the SE4 of the SW4 of Section 29, Township 8 South, Range 25 East; thence West 1320 feet; thence South 660 feet; thence East 1110 feet; thence North 630 feet; t hence East 210 feet; thence North 30 feet to the point of beginning, containing 17 acres, more or less, as the case may be.**

**AND**

**All that part of the SE4 of SW4 of SE4 of Section 21, Township 9 South, Range 25 East of the Indian Base and Meridian, described as follows:**

**Begin 104 feet East of the SW corner of the SE4 of SW4 of SE4 of said Section 21; run thence North 416 feet; Thence East 104 feet; Thence South 416 feet; Thence West 104 feet to the point of beginning.**

**AND**

**The SW4 of the SW4 of the NW4 LESS a one tract described as beginning at the NW Corner of the SW4 SW4 NW4, thence East 208 feet; thence South 208 feet; thence West 208 feet; thence North 208 feet, in Section 7, Township 8 South, Range 24 East of the Indian Base and Meridian.**

**AND**

**All that part of Lots 1 and 2 and the E2 of the NW4 of Section 7, Township 8 South, Range 24 East of the IBM, according to the United States survey thereof described as follows:**

**Tract #1-A -**   **The SW4 of the NE4 of the NW4 and;**

**Tract #1-B -**   **The Southeast 10 acres of Lot 1;**

**Tract #2 -**   **The S2 of the West 18.77 acres of Lot 1 of said Section 7, LESS AND EXCEPT; Begin at the Southwest Corner of Said Lot 1; thence East 300 feet; thence North 150 feet; thence West 300 feet; thence South 150 feet to the POB;**

**Tract #3-A -** All that part of NE 10 acres of Lot 1 of said Section 7, Described as follows:

Begin 30 feet West and 210 feet South of the Northeast corner of Lot 1 of said Section 7; thence West 420 feet; thence South 420 feet; thence East 420 feet; thence North 420 feet to the POB;

**Tract #3-B -** All that part of Lot 1 of said Section 7 described as follows: Begin at the SE corner of the Northeast 10 acres of said Lot 1; thence North 30 feet; thence West 450 feet; thence South 30 feet; thence East 450 feet to the point of beginning.

**Tract #4 -** The East 18.80 acres of Lot 2 of said Section 7; (a.k.a. E2 SW4 NW4) AND also SE4 NW4 of said Section 7, LESS AND EXCEPT All that part of the East 18.80 acres of Lot 2 and the SE4 NW4 of said Section 7 described as follows: Begin at the SW Corner of the NW4 of the SE4 of the NW4 of said Section 7; thence North 89°52'21" East 263.94 feet; thence North 00°03'02" West 369.15 feet; thence South 89°52'21" West 590 feet; thence South 00°03'02" East 369.15 feet; thence North 89°52'21" East 326.06 feet to the POB;

**Tract #5 -** Lots 4, 5, 6, 8, 9, 10, 11, 12,13, 14, 16, 17, 18 and 19, The South 26.5 feet of Lot 3; and The South 26.5 feet of Lot 24, and All in Williston Addition to the City of Idabel, Oklahoma, according to the recorded plat thereof.

**Tract #6 -** All that part of S2 NE4 of Section 7, Township 8 South, Range 24, described as follows: Begin 765.6 feet west of the southeast corner of NE4 of said Section 7; thence North 1156.9 feet; thence West 1874.4 feet; thence South 1156.9 feet; thence East 1874.4 feet to the POB.

**Tract #7 -** E2 SE4 NE4 NW4 of Section 7, Township 8 South, Range 24 East; This real estate is subject to a road easement described as follows: – and also an Easement 20 feet in width, lying 10-feet on each side of the following described centerlined: Beginning at the NE Corner of SE4 NW4 of said Section 7; thence North 28°20'31" East 147.18 feet; thence North 40°56'48" East 131.71 feet; thence North 77°26'29" East 157.55 feet; thence South 87°22'54" East 326.24 feet; thence North 87°04'30" East 339.16 feet; thence North 53°53'06" East 65.84 feet to an existing county road.

Further, that the said mortgage expressly provides that if the borrowers default in the payment of the debt secured thereby, the mortgagee may foreclose said mortgage and sell the mortgaged property at foreclosure sale and apply the proceeds from such sale on the said debt; and

that appraisement of said premises is expressly waived or not waived at the option of the mortgagee; and that plaintiff mortgagee states that it desires to have said real property sold with appraisement.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT:**

1. That the plaintiff have an in rem judgment against the defendant, Charles Otis Duckett.

2. That the mortgage lien of the plaintiff, United States of America, be and the same is hereby established as a first, prior and superior lien on the real estate and premises hereinbefore described, and that such mortgage lien be and the same is hereby ordered foreclosed, and the mortgaged property is hereby ordered appraised and sold by Judicial Sale in the manner provided by said mortgage and by the provisions of Title 28 U.S.C. §2001 et seq.

3. That should a sale and confirmation occur, the defendants, Charles Otis Duckett, Evelyn D. Duckett, a.k.a. Evelyn Deloris Duckett, a.k.a. Evelyn Duckett, deceased, the unknown heirs, executors, devisees, trustees and assigns of Evelyn Deloris Duckett, Marcus Duckett, Katie Duckett, Capital One Bank, Ford Motor Credit Cooperation, Erin Capital Management LLC, Collins Financial Services, Inc., NCO Portfolio Management, and the State of Oklahoma, ex rel Department of Human Service, and each of them, have no right, title, or interest in or to said mortgaged real property, or any part thereof; and that said defendants, and each of them, and all persons claiming by, through or under them, be and are hereby perpetually barred, restrained and enjoined from ever claiming or asserting any right, title or interest in or to the said mortgaged property, hereinbefore described, which is adverse or hostile to the purchaser at sale.

4. That any one in possession of subject property should relinquish possession upon the receiving of the journal entry of judgment. If such possession is not relinquished at that time, a Writ of Assistance will be issued.

5. That the proceeds from the sale of said mortgaged property be applied as follows:

FIRST: To the payment of costs of this action, including service by publication in the amount of $1,040.76, and the cost of foreclosure sale;

SECOND: To the satisfaction of the judgment in favor of the plaintiff, in the amount of $217,480.96 which includes $2,084.14 for taxes and $300.00 for an updated title opinion, plus interest through May 21, 2010, in the amount of $63,207.83, plus interest from that date at the daily rate of $29.7374, until the date of judgment, plus interest from the date of judgment at the legal rate of 0.31% per annum computed daily and compounded annually until paid in full, plus all costs and future costs of this action; including maintenance and protection fees;

THIRD: The residue, if any, to be paid into the office of the Clerk of this Court to abide the further Order of this Court.

Frank H. Seay
United States District Judge

APPROVED AS TO FORM;

SHELDON J. SPERLING
United States Attorney


S/JEANETTE WINDSOR
JEANETTE WINDSOR O.B.A. 16939
Assistant U.S. Attorney
1200 West Okmulgee
Muskogee, Oklahoma 74401
918-684-5100
918-684-5130 - fax
jeanette.windsor@usdoj.gov